

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50155 | **DATE** | 9/18/2003 |
| **CASE TITLE** | Darby vs. City of Dixon | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants, City of Dixon and Officers Whelan, Quadraro, and Harney's, motion for summary judgment.

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants defendants, City of Dixon and Officers Whelan, Quadraro, and Harney's, motion for summary judgment as to all claims and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| ✓ | Mail AO 450 form. |
| ✓ | Copy to judge/magistrate judge. |

/LC6 courtroom deputy's initials

number of notices

SEP 18 2003 date docketed

9-18-03 date mailed notice

Date/time received in central Clerk's Office  mailing deputy initials

Document Number 29

# MEMORANDUM OPINION AND ORDER

Plaintiff, Galon Darby, filed a complaint against defendants, the City of Dixon, and police officers, Whelan, Quadraro, and Harney, alleging, pursuant to 42 U.S.C. § 1983, a claim for false arrest under the Fourth Amendment against the officers and, against the city, a claim for inadequate training of its officers in "dealing with racially charged situations in which a crime may have occurred." Plaintiff also alleged a malicious prosecution claim under Illinois law. For the following reasons, the court grants defendants' motion for summary judgment and dismisses this cause in its entirety.

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Windle v. City of Marion, 321 F. 3d 658, 660 (7th Cir. 2003).

If the officers had probable cause to arrest plaintiff, then no Fourth Amendment claim can be maintained. See Thompson v. Wagner, 319 F. 3d 931, 934 (7th Cir. 2003). Probable cause for an arrest exists if an officer reasonably believes, in light of the facts and circumstances within his knowledge at the time of the arrest, that the suspect has committed an offense. Thompson, 319 F. 3d at 934. In the context of qualified immunity, as raised here, a reasonable but mistaken belief that probable cause exists is sufficient to sustain qualified immunity. Thompson, 319 F. 3d at 935. Thus, a plaintiff has a difficult hurdle to clear in getting around the defense of qualified immunity in a probable cause to arrest situation. Thompson, 319 F. 3d at 935.

In this case, the court finds under the undisputed facts that the officers had probable cause to arrest plaintiff for assault, which, under Illinois law, is engaging "in conduct which places another in reasonable apprehension of receiving a battery." See 720 ILCS 5/12-1(a) (West 2002). Numerous witnesses at the scene told the officers that plaintiff raised his hand in a manner indicative of an intent to strike the victim. It is also undisputed that the victim was aware of this conduct. This provided ample probable cause to arrest plaintiff for assault.

Plaintiff argues that because of the inconsistencies in the oral statements given to the officers at the scene by the victim and witnesses, along with the bias of the victim, the officers could not reasonable rely on those statements as the basis for probable cause. While it is true that where information from or about a victim would lead a reasonable officer to be suspicious and to conduct further investigation, there is no clearly established precedent requiring an officer to resolve inconsistencies in and between the statements of victims and witnesses before arresting someone. Spiegel v. Cortese, 196 F. 3d 717, 724 (7th Cir. 2000). The law does not require that a police officer conduct an incredibly detailed investigation at the probable cause stage, Spiegel, 196 F. 3d at 724-25, and when probable cause has been gained from a reasonably credible victim or witness, there is no constitutional duty to investigate further, Pasiewicz v. Lake Co. Forest Preserve Dist., 270 F. 3d 520, 524 (7th Cir. 2001). Police officers are not required to delay arresting a suspect until after they have conclusively resolved each and every inconsistency or contradiction in a victim's or witness's account, as those are matters ultimately for a jury. Spiegel, 196 F. 3d at 725.

Here, while there may have been some inconsistencies in the description of events provided by the victim and the various witnesses, they were overall consistent in describing plaintiff as raising his hand in a manner indicative of someone about to strike the victim. Additionally, even if the officers discounted the victim's rendition of events because of a perceived bias on her part, there were several independent witnesses who described the assault. This was sufficient for probable cause to arrest plaintiff. Additionally, even if probable cause did not in fact exist, the officers are qualifiedly immune because a reasonable officer could have believed probable cause existed. Therefore, the officers are entitled to summary judgment on the Fourth Amendment claim on either ground.

The court also grants summary judgment to the city on the failure to train claim because there is no liability on the underlying substantive Fourth Amendment claim of false arrest. See Windle, 321 F. 3d at 663.

The court will dispose of the remaining state law claim, malicious prosecution, because the issue is ripe and an application of state law is straightforward. See Timm v. Mead Corp., 32 F. 3d 273, 276 (7th Cir. 1994). This claim also fails as a matter of law because under Illinois law the absence of probable cause is an essential element of the tort. Penn v. Harris, 296 F. 3d 573, 576-77 (7th Cir. 2002). As discussed earlier, there was probable cause to arrest plaintiff.

For the foregoing reasons, the court grants summary judgment in favor of defendants on all claims and dismisses this cause in its entirety.